UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00124-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **VIC HINSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Amend Judgment. The Judgment (#248) was entered on August 11, 2011, and was affirmed by an unpublished opinion (#314) March 8, 2012. In addition, defendant has filed and this court has earlier denied petitioner's Motion to Vacate (#310) by Order (#328) dated May 16, 2012. In the instant motion, defendant seeks to amend the now final Judgment to eliminate the requirement that she participate in the Inmate Financial Responsibility Program ("IFRP"). Defendant has also submitted exhibits consisting of statements from her inmate trust account.

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in the criminal judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies

have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the *district of confinement*, not with the sentencing court. See <u>Moore v. Olson</u>, 368 F.3d 757, 759 (7th Cir. 2004); <u>Matheny v. Morrison</u>, 307 F.3d 709, 711-12 (8th Cir. 2002). While *this* court can afford petitioner no relief, the court will strongly recommend that petitioner work with her case manager on this matter.

# O R D E R

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Amend Judgment (#355) is **DENIED**.

Signed: May 13, 2013

Max O. Cogburn Jr.
United States District Judge